United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60643
Summary Calendar
_____

VINCENTE FAJARDO-ESTRADA,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 465 814
---------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Vincente Fajardo-Estrada challenges a final order of

removal issued by the Board of Immigration Appeals (BIA)

on July 3, 2002.  Following an evidentiary hearing, the

immigration judge (IJ) found Fajardo-Estrada removable on the

charge of inadmissibility under section 212(a)(6)(E)(i) of the

INA, 8 U.S.C. § 1182(a)(6)(E)(i), for knowingly encouraging,

inducing, assisting, abetting, or aiding another alien to enter

or trying to enter the United States in violation of law,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

based on his conviction for aiding and abetting illegal entry, 8 U.S.C. § 1325(a)(3). The IJ also denied his application for cancellation of removal and denied his request for voluntary departure. The BIA summarily affirmed the IJ's decision pursuant to 8 C.F.R. § 3.1(a)(7).

Fajardo-Estrada argues that the BIA violated his right to due process by affirming his appeal without opinion. He argues that because the BIA did not give an explanation for its decision, he has no indication that his appeal received any consideration on the merits.

This court rejected a due process challenge to the "streamlining" regulation, 8 C.F.R. § 3.1(a)(7), which authorizes a single Board member to affirm, without opinion, the results of an immigration judge's decision, in Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003). This court held that the summary affirmance procedures do not violate due process and do not deprive the court of a basis for judicial review. We agreed with the First Circuit's statements in Albathani v. INS, 318 F.3d 365 (1st Cir. 2003), that the use of the summary affirmance procedures do not lead to the inference that the BIA did not conduct the required review. Soadjede, 324 F.3d at 832.

Fajardo-Estrada does not argue that his case did not meet the criteria for application of the streamlined review procedures contained in 8 C.F.R. § 3.1(a)(7)(ii). Nor does he argue that

the decision in his case is not supported by substantial evidence, and thus, he has abandoned the merits of his immigration appeal.  Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Soadjede, 324 F.3d at 833.

PETITION FOR REVIEW DENIED.