**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60945
Summary Calendar
_____


WULETAW TEMESGEN

                    Petitioner

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL

                    Respondent

                    --------------------
            Petition for Review of a Decision of the
                 Board of Immigration Appeals
                    BIA No. A78-354-288
                    --------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit
Judges.

PER CURIAM:[*]

     Wuletaw Temesgen ("Temesgen"), a citizen of Ethiopia,

petitions for review of an order from the Board of Immigration

Appeals ("BIA") summarily affirming the immigration judge's

("IJ") decision to deny his application for asylum or withholding

of removal.  Temesgen argues that the BIA violated his due

process rights by summarily affirming the decision of the IJ and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that this court is unable to provide a meaningful review of the BIA's decision. The court has held that the summary affirmance procedures do not violate due process and do not deprive the court of a basis for judicial review. Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

Temesgen asserts that the BIA and the IJ adopted positions contrary to the evidence and improperly based their decisions on evidence that was not a part of the record, namely the existence of a peace treaty between Ethiopia and Eritrea and the presence of the peacekeepers in Ethiopia. Assuming arguendo that the IJ did take judicial notice of facts concerning current events in Ethiopia, the IJ may take judicial notice of such "commonly acknowledged facts." See Rivera-Cruz v. INS, 948 F.2d 962, 966-67 (5th Cir. 1991).

Finally, Temesgen argues that his due process rights were violated when the IJ denied his second request for a continuance to obtain additional materials regarding the present status of deportation and segregation of individuals with Eritrean heritage. A review of the record indicates that the denial of the second continuance did not constitute an abuse of discretion. See Howard v. INS, 930 F.2d 432, 436 (5th Cir. 1991).

Accordingly, the petition for review is DENIED.