**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 29, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60833
Summary Calendar

_____

ZIAD MOHAMMAD KHWEIS; HEYAM ZIAD KHWEIS;
JUMA ZIAD KHWEIS,

                                    Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                    Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42 516 542
BIA No. A74 314 359
BIA No. A74 216 343
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

      Ziad Mohamed Khweis, Heyam Ziad Khweis, and Juman Ziad

Khweis petition this court to review the decision of the Board

of Immigration Appeals (BIA) denying their motion to reopen

immigration proceedings.  The Khweises first argue that the BIA

improperly accepted and considered an untimely opposition to

their motion to reopen submitted by the Immigration and

Naturalization Service.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court "will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable." Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). Given that the BIA had the discretion to consider an untimely "brief," see 8 C.F.R. § 3.2(g)(3), the BIA's acceptance and consideration of the opposition was reasonable. Further, to the extent the Khweises argue that their due process rights were violated, their argument fails because they cannot demonstrate prejudice. See Hernandez-Garza v. INS, 882 F.2d 945, 947 (5th Cir. 1989). Likewise, the Khweises cannot show that their due process rights were violated by the BIA's single-member disposition of their motion to reopen. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

The Khweises also contend that the BIA's retroactive application of the stop-time provision of 8 U.S.C. § 1229b(d) violates their right to due process. The Khweises' challenge to the retroactive application of the stop-time provision is foreclosed. See Gonzalez-Torres v. INS, 213 F.3d 899, 903 (5th Cir. 2000).

Finally, citing evidence attached to their motion to reopen, the Khweises contend that the BIA's denial of the motion was error. In their motion the Khweises sought, inter alia, asylum, withholding of deportation, and protection under the Convention Against Torture. The Khweises have failed to show, however, that the BIA's determination that they had failed to establish

a prima facie case for the relief sought was an abuse of its discretion.  See INS v. Abudu, 485 U.S. 94, 106, 110-11 (1988); Efe v. Ashcroft, 293 F.3d 899, 903-06 (5th Cir. 2002); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

PETITION FOR REVIEW DENIED.