United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**November 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60716
Summary Calendar

_____

ISHRAT EJAZ; SHAHID EJAZ,

Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A74 403 455
A74 403 467
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ishrat Ejaz and her minor son Shahid Ejaz, both citizens of
Pakistan, petition this court for review of the final order of
the Board of Immigration Appeals which summarily affirmed the
Immigration Judge's ("IJ") decision denying their applications
for asylum and withholding of removal. Shahid's claims are
dependent upon the resolution of Ishrat's claims. We directly
review the IJ's decision. See Soadjede v. Ashcroft, 324 F.3d
830, 832 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ishrat contends that the IJ erred by requiring her to provide corroboration of her claims in the absence of a negative credibility finding. Although we recognize that the BIA's corroboration rule has not been addressed by this court, because the IJ also provided an alternative basis for denying asylum, we decline to address the corroboration issue in this case.

Ishrat argues that the IJ erred by finding that she had not demonstrated a sufficient nexus between her political opinion and the persecution she and other members of her family allegedly suffered. Ishrat also argues that the IJ erred in finding that her delay in seeking asylum and her two return visits to Pakistan undercut her claim of a fear of future persecution.

Based upon our review of the record, we conclude that the IJ's decision is supported by substantial evidence and that the evidence in the record does not compel a contrary conclusion. See Efe v. Ashcroft, 293 F.3d 899, 903-05 (5th Cir. 2002); Mikhael v. INS, 115 F.3d 299, 302-04 (5th Cir. 1997). Because Ishrat did not make the required showing for asylum, she also was not eligible for withholding of removal. See Mikhael, 115 F.3d at 306 n.10.

Accordingly, the petitions for review are DENIED.