# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-60339
Summary Calendar

JACOB ISRAEL QUINTEROS ULLOA also known as, Jacob Israel Quinteros

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 035 885

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jacob Israel Quinteros Ulloa (Quinteros) petitions for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal. In his appeal to the BIA, Quinteros challenged the Immigration Judge's denial of his application for withholding of removal pursuant to Immigration and Nationality Act § 241(b)(3), 8 U.S.C. § 1231(b)(3), and the Convention Against Torture (CAT). Here, he argues that the BIA erred because he established that if he is deported to El Salvador, he will be persecuted on account of his membership in a particular

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

social group, former members of the El Salvadoran military who fought against the Farabundo Marti National Liberation Front (FMLN), and due to his political opinion opposing the FMLN.

Quinteros does not challenge the BIA's determination that he was ineligible for asylum and for CAT relief. He has therefore abandoned these issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court uses the substantial evidence standard that is codified at 8 U.S.C. § 1252(b)(4)(B) to review the factual conclusion that an alien is not eligible for withholding of removal. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 347 (5th Cir. 2006). Quinteros has failed to establish that any reasonable adjudicator would be compelled to conclude that there is a clear probability that if Quinteros is removed to El Salvador, he will be persecuted on account of his status as a former member of the El Salvadoran military who fought against the FMLN or due to his continued opposition to the FMLN. *See* 8 U.S.C. §§ 1231(b)(3), 1252(b)(4)(B); *Chen v. Gonzales*, 470 F.3d 1131, 1138-39 (5th Cir. 2006).

PETITION FOR REVIEW DENIED.