# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60613
Summary Calendar

KARRI APPALA SATYANARAYANA,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 487 930

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Karri Appala Satyanarayana petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the immigration judge to deny his application for withholding of removal. Because he has not challenged the BIA's conclusion that his asylum application was untimely and that he was not entitled to relief under the Convention Against Torture, any such claims are abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Satyanarayana contends that the BIA erred in analyzing only his claims against the moneylenders who demanded repayment of his debt, without considering Satyanarayana's fear of persecution by Colonel Singh and BJ Singh, who fraudulently induced him to accept a job in the United States that did not materialize and who were the named defendants in a lawsuit brought by misled Indian workers, including Satyanarayana. This argument is an inaccurate assessment of the BIA's ruling; the BIA included references to fraud and lawsuits in the definition of the pertinent "particular social group" and concluded that these actions on Satyanarayana's part were voluntary. Satyanarayana also contends that the BIA misapplied its precedent in *In re C-A-*, 23 I. & N. Dec. 951 (BIA 2006). He maintains that unlike the petitioner in *C-A-*, he did not act voluntarily in coming to the United States and in attempting to obtain compensation through legal action after he was defrauded by the Singhs. Satyanarayana has not established that the evidence compels a contrary conclusion from that reached by the BIA. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). Consequently, the petition for review is DENIED.