United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60314
Summary Calendar
_____

KOSSI THOMAS SOADJEDE

              Petitioner

    v.

JOHN ASHCROFT, ATTORNEY GENERAL

              Respondent

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:

    Kossi Thomas Soadjede challenges a final order of removal
issued by the Board of Immigration Appeals (BIA) on April 2,
2002.  Soadjede applied for political asylum under § 208 of the
Immigration and Nationality Act (INA), withholding of removal
under § 241(b) of the INA, withholding of removal under the
Convention Against Torture (CAT), and in the alternative,
voluntary departure.  On November 17, 2000, an immigration judge
denied Soadjede's applications for asylum, withholding of
removal, and protection pursuant to the CAT.  The immigration
judge found Soadjede statutorily ineligible for asylum because he
failed to file his asylum application within one year after his

arrival in the United States.  With respect to Soadjede's applications for withholding of removal and CAT protection, the immigration judge found that Soadjede failed to meet his burden of proof.  The immigration judge granted Soadjede's request for voluntary departure from the United States.  The BIA summarily affirmed the immigration judge's decision pursuant to 8 C.F.R. § 3.1(a)(7).

Soadjede argues that the BIA's issuance of an order summarily affirming the decision of the immigration judge provides an inadequate basis for judicial review by this court. In arguing that he received less than a "full and fair trial," his argument implicates his rights under the Due Process Clause of the Fifth Amendment.  Thus, we construe Soadjede's argument as a claim that the BIA's affirmance without opinion procedure is unconstitutional because it violates due process.  This Court reviews constitutional challenges de novo.  Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997).

At issue in this case is the "streamlining" regulation, 8 C.F.R. § 3.1(a)(7), which authorizes a single Board member to:

> affirm the decision of the Service or the Immigration Judge, without opinion, if the Board Member determines that the result reached in the decision under review was correct; that any errors in the decision under review were harmless or nonmaterial; and that
>
> (A)  the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation; or

> (B) the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted.

8 C.F.R. § 3.1(a)(7)(ii) (2002). Once the Board Member has made the determination that a case satisfies these requirements, the Board issues the following order: "The Board affirms, without opinion, the result of the decision below. The decision is, therefore, the final agency determination. See 8 C.F.R. 3.1(a)(7)." Id. § 3.1(a)(7)(iii).

The regulation provides that an affirmance without opinion "does not necessarily imply approval of all of the reasoning of" the decision below. Id. The regulation explicitly prohibits Board Members from including in their orders their own explanation or reasoning. Id. Consequently, the regulation designates the decision of the immigration judge, and not the Board's summary affirmance, as the proper subject of judicial review. See Streamlining, 64 Fed. Reg. 56,135, 56,137 (Oct. 18, 1999) ("The decision rendered below will be the final agency decision for judicial review purposes"). This court has previously joined the majority of circuits in approving the authority of the BIA to affirm the immigration judge's decision without giving additional reasons. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997) (noting that, where the BIA affirmed without additional explanation, this court would review the immigration judge's decision); see also Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d. Cir. 2001); Giday v. INS, 113 F.3d 230, 234 (D.C.

Cir. 1997); <u>Chen v. INS</u>, 87 F.3d 5, 7 (1st Cir. 1996); <u>Prado-Gonzalez v. INS</u>, 75 F.3d 631, 632 (11th Cir. 1996); <u>Urukov v. INS</u>, 55 F.3d 222, 227-28 (7th Cir. 1995); <u>Alaelua v. INS</u>, 45 F.3d 1379, 1382-83 (9th Cir. 1995); <u>Maashio v. INS</u>, 45 F.3d 1235, 1238 (8th Cir. 1995); <u>Gandarillas-Zambrana v. BIA</u>, 44 F.3d 1251, 1255 (4th Cir. 1995); <u>Arango-Aradondo v. INS</u>, 13 F.3d 610, 613 (2d. Cir. 1994).

The First Circuit recently rejected a due process challenge to the BIA's summary affirmance procedures. In <u>Albathani v. INS</u>, ___ F.3d ___, 2003 WL 257276 (1st Cir. Feb. 6, 2003), that court found that the summary affirmance procedures do not deprive the courts of appeal of a reasoned basis for review because the immigration judge's opinion provides the basis for review. <u>Id.</u> at *11-*12. The court noted that "administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties." <u>Id.</u> at *11 (quoting <u>Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council Inc.</u>, 435 U.S. 519, 543-44 (1978)). The First Circuit reasoned that they could not infer, in the absence of evidence, that the BIA did not conduct the required review of the immigration judge's decision merely because it used a streamlined summary affirmance procedure in order to manage its caseload. <u>Id.</u> at *13 ("[Summary affirmance procedures] are workload management devices that acknowledge the reality of high caseloads. They do not, either alone or in

combination with caseload statistics, establish that the required review is not taking place.").

We agree with the reasoning set forth by our sister circuit in Albathani. As that court pointed out, the summary affirmance procedures employed by the BIA are similar in nature to the summary disposition procedures used by this and other courts. See 5TH CIR. R. 47.6 (providing for affirmance without opinion under enumerated circumstances). In addition, in adopting the regulation, the Department of Justice (DOJ) specifically considered the potential due process concerns about summary affirmance. 64 Fed. Reg. at 56,138. The DOJ reasoned that the "risk of erroneous decisions resulting from the streamlining of [BIA] procedures is minimal" because "most appellants will already have had a full evidentiary hearing before an Immigration Judge." Id. The DOJ also noted that the government has a significant interest in concentrating the resources of the BIA on "cases where there is a reasonable possibility of reversal, or where a significant issue is raised in the appeal." Id. Ultimately, the DOJ concluded that "an endorsement of the result reached by the decision-maker below satisfies any conceivable due process requirement concerning justifications for the decisions made in any appellate process that the government decides to provide." Id. at 56,139.

We hold that the summary affirmance procedures provided for in 8 C.F.R. § 3.1(a)(7) do not deprive this court of a basis for

judicial review and that the procedures do not violate due process.  Soadjede has raised and briefed the procedural issues only.  He does not argue that the decision in his case is not supported by substantial evidence.  We will thus treat the issues concerning the merits of his immigration appeal as abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Soadjede's petition for review of the BIA's decision is DENIED.