**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 30, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60683
Summary Calendar
_____

DASHRATHABHAI MANILAL PATEL;
MEGHANA PATEL; RONIT PATEL,

                              Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                              Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. 072-450-496
BIA No. 072-450-631
BIA No. 072-450-632
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Dashrathabhai Manilal Patel, a citizen of India, petitions

for review of an order from the Board of Immigration Appeals

("BIA") summarily affirming the immigration judge's ("IJ")

decision to deny his application for asylum or withholding of

removal.  Patel argues that the BIA violated his Fifth Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rights by summarily affirming the decision of the IJ without examining the merits of Patel's asylum claim. The court has held that the summary affirmance procedures do not violate due process and do not deprive the court of a basis for judicial review. Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

Patel argues that the BIA erred as a matter of law in affirming the IJ's decision without an opinion because the case does not meet the requirements for a summary affirmance. Because the decision of the IJ was correct and does not raise any substantial factual or legal questions on appeal, the decision met the criteria for a summary affirmance. See 8 C.F.R. § 1003.1(a)(7)(ii).

Insofar as Patel challenges the validity of the agency's decision, a review of the record reflects that the decision is supported by substantial evidence and that the evidence in the record does not compel a contrary conclusion. See Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 350 (5th Cir. 2002); Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997). Accordingly, the petition for review is DENIED.