United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60024
Summary Calendar
_____

MANIRUL HOQUE,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A7 043 873
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Manirul Hoque, a citizen of Bangladesh, petitions this court for review of the Board of Immigration Appeals (BIA) decision denying his application for political asylum and his request for withholding of removal. Hoque argues that the BIA is "churning out" decisions, demonstrating that there has been a systematic application of the affirmance-without-opinion (AWO) procedure that has adversely prejudiced his statutory right to appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have agreed with Albathani v. INS, 318 F.3d 365 (1st Cir. 2003), cited by Hoque, that the use of the AWO procedure does not lead to the inference that the BIA did not conduct the required review. See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003). Accordingly, Hoque's argument that he did not receive appropriate BIA review is without merit.

Hoque also argues that the BIA improperly used the AWO procedure because the immigration judge (IJ) was required to, but did not, make a credibility finding. However, the IJ implicitly found Hoque credible. Hoque also argues that the BIA's use of the AWO procedure was inappropriate because the IJ's decision was not well-reasoned and because the BIA did not consider his appeal arguments. Hoque's argument fails because the BIA's affirmance without opinion could not include a discussion of the IJ's reasoning or lack thereof or a discussion of Hoque's arguments on appeal. See 8 C.F.R. § 1003.1(e)(4)(ii).

Hoque argues that he has made a prima facie case that he is a refugee and entitled to asylum based on past persecution and his well-founded fear of persecution from the Bangladesh Nationalist Party (BNP) for his activities as a member of the Jatiyo Party. Hoque did not establish past persecution. Hoque was able to live and work openly as a garment-factory sales representative and director in Bangladesh for a couple of years after the BNP gained control of the government.

Moreover, Hoque's testimony does not establish a particularized connection between his political activity and his current fear of persecution. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). The political climate has changed since Hoque left Bangladesh, with Jatiyo Party members now serving in the government. Hoque gave no specific reason as to why the BNP would still be interested in persecuting him after a decade has passed, in light of the changes in the government. Thus, Hoque has not established by substantial evidence that he is entitled to asylum. See Efe v. Ashcroft, 293 F.3d 899, 903 (5th Cir. 2002).

Hoque also challenges the BIA's determination that he was not entitled to a withholding of deportation. Because Hoque is not eligible for asylum, he does not meet the standard for withholding of deportation. See id.

Finally, Hoque asserts that the IJ abused his discretion in failing to grant 60 days for voluntary departure. Hoque has offered no reason that this court can review the IJ's grant of 30 days to voluntarily depart given the plain language of the regulation extant at the time of the IJ's decision. See 8 C.F.R. § 240.26(e)(1998); 8 C.F.R. § 240.26(g)(1998). Hoque's petition for review of the BIA decision is DENIED.