United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60153
Summary Calendar

———————————

FOUAD MOH D. ALNIMER, NURA FOUAD ALNIMER;
OSAMA FOUAD ALNIMER; RABAH MAHMOUD HAMDAN;
YASMIN FOUAD ALNIMER; M. YASSER FOUAD ALNIMER,

                                        Petitioners,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 877 578
BIA No. A72 453 016
BIA No. A72 453 017
BIA No. A77 877 579
BIA No. A77 877 580
BIA No. A77 877 581
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fouad Moh D. Alnimer, his wife, and his four children, all

citizens of Jordan, petition for review of an order from the

Board of Immigration Appeals ("BIA") summarily affirming the

immigration judge's ("IJ") decision to deny their application for

asylum, withholding of removal, and relief under the Convention

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Against Torture ("CAT").  The Alnimers first argue that the BIA's procedure for Affirmance Without Opinion ("AWO") results in a systematic "churning out" of AWOs that prejudices their statutory right to appeal and that the BIA improperly used the AWO procedure in this case.  We have already held that the AWO procedure does not lead to the inference that the BIA did not conduct the required review and does not violate due process, and we find no error in the present case.  See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003).

The Alnimers also argue that they established past persecution and a well-founded fear of future persecution primarily because of threatening telephone calls they received from Iraqis while in Jordan from 1990 to 1999 and because the Jordanian government forced Mr. Alnimer to close a weekly newspaper.  After reviewing the record and the briefs, we conclude that the decision is supported by substantial evidence and that the evidence in the record does not compel a conclusion contrary to that reached by the IJ and BIA.  See INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992); Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).  We also note that, with respect to the CAT, the Alnimers conceded in their brief before the BIA that the evidence was insufficient to obtain protection under this provision.

The petition for review is DENIED.