**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 16, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60119
Summary Calendar

_____

MOHAMMAD SALIM NOSHAHI,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-083-999
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mohammad Salim Noshahi, a native and citizen of Pakistan, petitions for review of the final order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the Immigration Judge denying his asylum application, denying withholding of removal under the Immigration and Nationality Act, denying relief under the Convention Against Torture, and denying voluntary departure.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The IJ's denial of asylum was based, in part, on the determination that Noshahi was statutorily ineligible for asylum because he failed to file a timely asylum application. This court lacks jurisdiction to consider the BIA's determination that Noshahi filed an untimely asylum application and failed to meet an exception for waiving the deadline. See 8 U.S.C. § 1158(a)(3). Because this court lacks jurisdiction over the IJ's determination that Noshahi failed to timely file his asylum application and was therefore statutorily ineligible for asylum, we need not address Noshahi's remaining argument challenging the denial of asylum.

Noshahi also argues that he is entitled to relief under the Legal Immigration and Family Equity Act and various other provisions of the Immigration and Nationality Act. This court does not have jurisdiction to consider these arguments because they were not presented at the administrative level. See 8 U.S.C. § 1252(d)(1); Witter v. INS, 113 F.3d 549, 554 (5th Cir. 1997).

Noshahi does not address in his brief the denial of relief pursuant to the Convention Against Torture, nor does he address the denial of voluntary departure. Accordingly, these claims are abandoned. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003). Noshahi has also failed to brief in an adequate fashion and has therefore abandoned the denial of withholding of removal and his claim that the BIA's dismissal violated his constitutional rights. See FED. R. APP. P. 28(a)(9); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

The petition for review is therefore DISMISSED.