United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-60728
Summary Calendar

PHRA KHOU GNOT VONGPHAKDY,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A71 621 069
------------------------------------------------------------

Before SMITH, DeMOSS, AND STEWART, Circuit Judges.

PER CURIAM:[*]

Phra Khou Gnot Vongphakdy petitions for review of an order of the Board of Immigration

Appeals (BIA) affirming without opinion the decision of the immigration judge denying his

application for relief under the Convention Against Torture (CAT).

Because the BIA designated the immigration judge's decision as the final agency

determination, review is of the immigration judge's decision. See Mikhael v. INS, 115 F.3d 299, 302

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1997).  Vongphakdy, a Buddhist, contends that he will be unable to practice his religion as he would like to because the Communist Party is in control in Laos.  He asserts that he was mistreated when he was in Laos due to his position as a chief monk.  Vongphakdy has married and is no longer a monk, but contends that he fears that he would be arrested by the communists if he is returned to Laos.  The immigration judge's determination that Vongphakdy did not meet his burden to show that he is likely to be tortured if removed is supported by substantial evidence.  See 8 C.F.R. §§ 208.18(a) & 208.16(c)(2); Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 353 (5th Cir. 2002); Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

Vongphakdy also argues that the BIA erred in applying the summary review procedures in 8 C.F.R. § 1003.1(e)(4) to affirm the immigration judge's denial of relief without opinion.  He contends, based merely on the number of such summary affirmances, that this provision is being applied systematically.  He asserts, in conclusory fashion, that his case was not thoroughly reviewed and that the regulations were misapplied.  We previously have held that the BIA's summary affirmance procedures do not violate due process.  See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).  Vongphakdy has failed to articulate why his case allegedly does not meet the criteria for affirmance without opinion, or how his case was not properly reviewed.  Accordingly, we find no error.

The petition for review is DENIED.