United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60950
Summary Calendar

ELIZABETH NIGATU MESFIN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 943 602
--------------------

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elizabeth Nigatu Mesfin petitions this court for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration judge's ("IJ") order denying her applications for asylum and withholding of removal and for relief under the Convention Against Torture. When, as here, the BIA summarily affirms without opinion and essentially adopts the IJ's decision, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Mesfin challenges the IJ's adverse credibility determination,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

upon which the denial of relief was based, asserting that the credibility determination is not based on substantial evidence. The evidence shows that Mesfin submitted a fraudulent birth certificate, questionable identification documents for her father purporting to show his Eritrean heritage, and questionable testimony regarding her Ethiopian passport; it also indicates that substantial portions of her testimony, based on information provided by her mother, may be unreliable. Contrary to Mesfin's assertion, all of her testimony became suspect when the fraud was revealed, not just the fact, date, and place of her birth or identity. The record does not compel a credibility determination contrary to the IJ's, and this court therefore will not overturn the IJ's adverse credibility determination. See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). That being so, the petition for review is DENIED. See Efe v. Ashcroft, 293 F.3d 899, 906, 908 (5th Cir. 2002).

Mesfin also contends that the BIA's procedure of summarily affirming the IJ's decision without opinion violated her due process rights. This argument is without merit. Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003).

PETITION DENIED.

2