# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-61110
Summary Calendar

---

NERY ROLANDO SANCHEZ MENDOZA

Petitioner

v.

PETER D. KEISLER, ACTING U.S. ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 23d 907

---

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Nery Rolando Sanchez Mendoza, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal, pursuant to denying his motion to remand the removal proceedings to the immigration judge (IJ). The BIA agreed with the IJ that Sanchez had waived his opportunity to file an application for cancellation of removal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA rulings denying motions to remand are reviewed under a "highly deferential abuse-of-discretion standard". Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005) (citing Lara v. Trominski, 216 F.3d 487 (5th Cir. 2000)). Under this standard, a BIA decision must be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". Id. at 304 (quoting Pritchett v. I.N.S., 993 F.2d 80, 83 (5th Cir. 1993)).

Sanchez wholly fails to address the BIA's ruling: pursuant to 8 C.F.R. § 1003.31(b) and (c), Sanchez was required to submit a Department of Homeland Security (DHS) receipt for payment of required fees with his application for cancellation of removal; the receipt had to be submitted before the deadline imposed by the IJ; and, because Sanchez did not file a DHS receipt before the deadline, the IJ properly deemed his application abandoned. Sanchez concedes he did not produce a DHS receipt before the deadline, but claims his application was nevertheless timely. Because Sanchez fails, however, to address the bases of the BIA's dismissal of his appeal and denial of remand, he has abandoned any contention that challenges the BIA's decision. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

DENIED.