IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2007

Charles R. Fulbruge III
Clerk

No. 07-60007
Summary Calendar

OLUTOSIN AKINRIN UDEMEZUE

Petitioner

v.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 031 965

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Olutosin Akinrin Udemezue, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals (BIA) decision affirming the denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Udemezue sought relief based on her fear that her minor United States citizen daughter would be forced to undergo female genital mutilation (FGM) if Udemezue was removed to Nigeria. She contends that this is a well-founded fear and that the immigration judge (IJ) erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

focusing on the fact that her daughter was not the child of her former husband who had supported imposing FGM on her two older children. She also asserts that the evidence is insufficient to show that her daughter would be safe if she relocated to a different region in Nigeria.

To the extent that the BIA adopted and affirmed the IJ's decision, the IJ's decision is the final agency determination for judicial review. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). There is substantial evidence to support the IJ's determination that Udemezue did not meet the standards for asylum or withholding of removal based on her fear that her United States citizen daughter would be subjected to FGM if she returned to Nigeria. See Niang v. Gonzales, 492 F.3d 505, 511–13 (4th Cir. 2007) (rejecting a similar claim by an asylum applicant from Senegal). The IJ found that the practice of FGM was declining in Nigeria and that Udemezue had not shown that she could not safely relocate within Nigeria. Udemezue has not shown that the evidence compels a contrary conclusion. See Efe v. Ashcroft, 293 F.3d 899, 905 (5th Cir. 2002).

Udemezue has abandoned any claims for humanitarian asylum or relief under the CAT due to her failure to adequately brief these issues. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED.