# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2010

No. 10-60051
Summary Calendar

Lyle W. Cayce
Clerk

KARIM DHUKA; NASIM DHUKA; AIZAZ KARIM DHUKA,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 616 515
BIA No. A099 616 518
BIA No. A099 616 519

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Nasim Dhuka (Nasim), together with her derivative beneficiaries Karim Dhuka and Aizaz Karim Dhuka, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the decisions of the immigration judge (IJ) to deny her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Dhukas are natives and citizens of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

India, who alleged that Nasim suffered persecution from Hindu fundamentalists on the basis of her Muslim religion.  The IJ determined that Nasim's testimony was not credible, and this ruling was upheld by the BIA.  Alternatively, the IJ ruled that even if Nasim's testimony was accepted as true, she had not established her entitlement for relief; the BIA likewise upheld this decision.

The Dhukas argue that the IJ failed to explain adequately why Nasim's "demeanor" warranted an adverse credibility finding and failed to take into account the shame Nasim faced as a Muslim woman testifying about her rape.  They maintain that inconsistencies noted by the IJ were the result of "badgering" and insensitive questioning and thus do not reflect adversely on her credibility.  The Dhukas also contend that Nasim's testimony was adequately corroborated by affidavits and by magazine articles and country reports showing that during the pertinent time period Muslims suffered severe harm at the hands of Hindu fundamentalist groups.  They assert that as a result Nasim has established past persecution and the Government has failed to rebut the presumption of future persecution if they return to India.  The Dhukas do not challenge to the denial of relief under the CAT, so any such claim is abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Likewise, any challenge the denial of Karim Dhuka's separate application for withholding of removal has been abandoned.  *See id.*

We review an immigration court's findings of fact for substantial evidence.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We will not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it."  *Id.* at 537.  Among the findings of fact that we review for substantial evidence is an immigration court's conclusion that an alien is not eligible for asylum or withholding of removal.  *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Pursuant to the REAL ID Act of 2005, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long

as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Contrary to the Dhukas' assertions, the IJ explained the factors in Nasim's demeanor that caused the IJ to question Nasim's credibility. To the extent that the Dhukas assert that Nasim's hesitancy and lack of emotion may be explained by her shame, they do not explain why she exhibited the same demeanor when explaining why she did not obtain copies of her medical reports showing the medical treatment she received after the assault. Additionally, the IJ was entitled to question Nasim during the proceedings and could seek reasonably available corroborative evidence to support even credible testimony. 8 U.S.C. §§ 1229a(b)(1), 1158(b)(2)(B)(ii). Nasim's contradictions and implausible answers about her failure to obtain corroborative medical evidence caused the IJ to pursue further the line of questioning, which led to further inconsistencies and to Nasim's admissions that some of her statements were false. Finally, the affidavits and other documentary evidence, while providing generalized information about the state of Hindu-Muslim relations at the time of Nasim's assault, do not corroborate Nasim's story and establish that she in fact was a victim of such an attack.

Moreover, the adverse credibility finding is supported by other inconsistencies in Nasim's testimony, as noted by the IJ. Nasim asserted that a crowd of 400-500 Hindus attacked her community and assaulted Muslims, but she could not explain how she reached that estimate of the number of attackers and she never spoke to her neighbors to ascertain if any of them suffered injury. Nasim also contended that her rapists called her when she moved to a different town and threatened her, although she could not explain how these individuals

could find her in a different community if she did not know who they were and they did not know her identity.

In light of these inconsistencies and contradictions , it is not plain that "no reasonable fact-finder could make such an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). The Dhukas' asylum and withholding claims were all based on persecution arising from the alleged assault against Nasim. Because the credibility determinations of the IJ and BIA withstand review, the decision to deny relief is supported by substantial evidence. *See Zhang*, 432 F.3d at 344-45. In light of this ruling, we need not address the alternative finding that Nasim's testimony, even if credible, did not establish eligibility for asylum or withholding of removal.

PETITION DENIED.