# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2012

No. 12-60215
Summary Calendar

Lyle W. Cayce
Clerk

CHUN SHENG CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 314 676

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Chun Sheng Chen is a native and citizen of the People's Republic of China. Chen was found to be removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. Chen then applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The immigration judge denied relief, and Board of Immigration Appeals (BIA) dismissed Chen's appeal. This timely petition for review followed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60215

In his petition for review, Chen argues that the BIA erred in determining that he failed to establish past persecution because it considered only his treatment during a 15-day detention during December 2006 and not the cumulative effect of that detention and treatment along with the treatment he received post-detention. He also argues that the BIA erred in determining that he had failed to show a well founded fear of future persecution because it did not take into account the tenacity of family planning officials. Further, he argues that he has the requisite familial and social ties to make relocation within China unreasonable. Chen did not raise these specific arguments in the appellate brief he filed with the BIA. Because these arguments were not fairly presented to the BIA on direct appeal, they are unexhausted and we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009).

The BIA deemed abandoned Chen's CAT claim and his request for asylum based on his political opinion regarding the Chinese government's one-child policy. By failing to challenge the BIA's conclusion in that regard in his petition for review, Chen has abandoned any such challenge in this court. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DISMISSED FOR LACK OF JURISDICTION.

2