# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2013

No. 12-60630
Summary Calendar

Lyle W. Cayce
Clerk

DAVID AZURDIA-PINEDA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A029 947 931

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Azurdia-Pineda (Azurdia), a native and citizen of Guatemala, has
filed a petition for review of a June 13, 2012, denial by the Board of Immigration
Appeals (BIA) of his motion to reopen deportation proceedings. Azurdia, who is
subject to an August 1991 deportation order that was issued after an in absentia
removal hearing, argues that the record establishes that he did not receive
proper notice of his removal hearing. He further argues that the BIA applied the
incorrect legal standard by requiring that he show exceptional circumstances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that justified his absence from the hearing, as the law at the time of the removal hearing merely required that he show reasonable cause for failure to attend.

The issues that Azurdia presents to this court were adjudicated by the BIA in two orders that were issued in 2008 in connection with a prior motion to reopen filed by Azurdia. The issues were not re-examined by the BIA in the June 13, 2012, decision. Azurdia did not file a petition for review of the BIA's 2008 decisions, and the instant petition for review is not timely filed with respect to those decisions. *See* 8 U.S.C. § 1252(b)(1). This court therefore lacks jurisdiction over those decisions. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995). Although Azurdia's petition for review is timely with respect to the BIA's June 13, 2012, decision, he does not address the BIA's rationale for denying relief and therefore he has abandoned any such challenge. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.