# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2013

Lyle W. Cayce
Clerk

No. 12-60966
Summary Calendar

FELIPE LUNA, also known as Nery Felipe Luna,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 990 616

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Felipe Nery Luna is a native and citizen of El Salvador who entered the United States without authorization. He was charged with being removable on account of his unauthorized entry and because he was convicted of aggravated assault with a deadly weapon, which the immigration judge (IJ) deemed a crime of moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Luna applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ ordered Luna deported to El Salvador.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60966

The Board of Immigration Appeals (BIA) concluded that Luna's claims for asylum and withholding of removal were barred because his prior conviction for aggravated assault with a deadly weapon was a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B). The IJ found no merit to the CAT claim. The BIA also concluded on the merits that Luna had failed to allege the facts necessary to show entitlement to asylum, withholding of removal, or CAT relief. *See Chen v. Gonzales*, 470 F.3d 1131, 1135-39 (5th Cir. 2006) (explaining the requirements for those three forms of relief from removal). Luna filed a timely petition for review.

Luna contends only that his claims are not barred by the aggravated assault conviction, which he says cannot be a particularly serious crime because it is not an "aggravated felony" under 8 U.S.C. §§ 1101(a)(43)(F) & 1231(b)(3)(B). We need not resolve this issue because Luna has failed to brief, and has thus abandoned, any challenge to the BIA's alternative determination that he is not entitled to relief on the merits. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (noting that issues not briefed are deemed abandoned).

The petition for review is DENIED.

2