# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60725
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2014

Lyle W. Cayce
Clerk

GILMAR DA SILVA-FREIRE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 950 501

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gilmar Da Silva-Freire (Da Silva), a native and citizen of Brazil, petitions for review of the denial of his application to reopen removal proceedings. Generally, this court has authority to review only the decision of the Board of Immigration Appeals (BIA), but we will consider the decision of the immigration judge (IJ) if that decision influenced the BIA's determination. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Because the BIA agreed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60725

with the IJ's findings and conclusions, the IJ's findings are reviewable. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 348 (5th Cir. 2002).

Da Silva was ordered removed in absentia after he failed to appear at his removal hearing. In his motion to reopen, Da Silva argued that he did not receive notice of the hearing because the address to which the notice was sent did not include his apartment number; he asserted that a Government official mistakenly omitted the apartment number. The IJ concluded that Da Silva had not rebutted the presumption of delivery applicable to hearing notices sent by regular mail because the notice had been sent to the address provided by Da Silva. The BIA agreed with the IJ's findings and dismissed the appeal. Before this court, Da Silva argues that his removal proceedings should be stayed pending a decision on his petition for review. He does not challenge the denial of his motion to reopen the removal proceedings, however. By failing to brief the dispositive issues, Da Silva has abandoned any argument that the BIA abused its discretion in determining that he was not entitled to relief on his motion to reopen. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Da Silva's petition for review is DENIED. His motions for the appointment of counsel and for a bond hearing are likewise DENIED.