# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2018

Lyle W. Cayce
Clerk

INGRID RUIZ-LAJU,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 730 265

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ingrid Ruiz-Laju, a native and citizen of Guatemala, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She contends that the BIA erred in concluding that she had failed to show that she was a member of a particular social group, comprised of a subset

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of her nuclear family that was threatened by extortionists after her parents failed to pay the demanded money.  The BIA acknowledged that a family unit could constitute a particular social group.  However, the BIA concluded that Ruiz-Laju had not shown that she was targeted on account of her family membership but instead in an effort to compel her mother to pay.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492 (5th Cir. 2015).

In addition, Ruiz-Laju asserts that the BIA erred in concluding that she did not suffer persecution on a protected ground.  This court has held that unfulfilled threats against an individual typically do not rise to the level of persecution.  *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004).  The BIA also noted that Ruiz-Laju was not entitled to relief because the threats arose from her parents' failure to pay extortionists and this court had held that economic extortion does not rise to the level of persecution based on a protected ground.  *See Garcia v. Holder*, 756 F.3d 885, 890 (5th Cir. 2014); *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012).  Although Ruiz-Laju correctly notes that the extortionists did not demand payments from her personally, she has not shown that the record compels a contrary conclusion from that reached by the BIA.  *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Ruiz-Laju also challenges the BIA's conclusion that she failed to establish a reasonable fear of future persecution because she was able to relocate within Guatemala.  Because she did not establish past persecution, Ruiz-Laju was required to establish that internal relocation would not be reasonable.  8 C.F.R. § 1208.13(b)(3)(i).  She argues that because it was possible that the extortionists could find her family despite her parents' move to a rural area, relocation was not feasible.  The fact that her parents had not been harmed or targeted during the years since their move weighs against a finding

of a reasonable fear of persecution. *See Eduard*, 379 F.3d at 193. She also maintains that relocation to the area where her parents now lived would not be reasonable because its rural nature would make it difficult for her to find a job commensurate with her advanced education, she may not receive adequate medical care if she became ill, and she would be limited socially. *See* § 1208.13(b)(3) (listing factors to consider in determining the reasonableness of relocation). Even if some of the pertinent factors weigh against relocation, she has not established that the record compels a conclusion that relocation would be improper, given that her parents have not been harmed and Ruiz-Laju would have the support of her family. *See id.*; *Wang*, 569 F.3d at 537.

In her final ground for relief, Ruiz-Laju maintains that the BIA wrongly found that she was not entitled to withholding of removal. Because she "has failed to establish the less stringent 'well-founded fear' standard of proof for asylum relief," Ruiz-Laju is "necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted). Ruiz-Laju has not challenged the BIA's denial of CAT relief, and any such claim is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Ruiz-Laju's petition for review is DENIED.