# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2020

Lyle W. Cayce
Clerk

No. 19-60498
Summary Calendar

ANGEL A. HEREDIA MONS,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 734 322

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Angel A. Heredia Mons, a native and citizen of Cuba, seeks review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of his applications for asylum and withholding of removal. Heredia asserts the IJ and BIA erred by: failing to conduct a cumulative-effects analysis; finding he had not suffered past persecution on account of his political opinion; and finding he did not have an objectively reasonable fear of

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-60498

future persecution.  (Heredia does not contend the BIA erred in rejecting his due-process claim; any such challenge is therefore abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam) (citation omitted).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted).  The determination an alien is ineligible for asylum is a factual finding.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citation omitted).

On substantial-evidence review, such a factual finding will not be disturbed "unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it".  *Orellana-Monson*, 685 F.3d at 518 (emphasis in original) (internal quotation marks and citation omitted).  In that regard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion".  *Id.* (internal quotation marks and citation omitted).

"Asylum is discretionary and may be granted to an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  The burden is on the applicant to demonstrate the requisite past persecution or objectively reasonable fear of future persecution.  *Orellana-Monson*, 685 F.3d at 518 (citations omitted).

In that regard, our court has identified persecution as "the infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive[,] . . . in a manner condemned by civilized

governments". *Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996) (alteration and citation omitted). "The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life." *Id.* (citation omitted).

Regarding Heredia's cumulative-effects-analysis claim, he did not raise this contention with the BIA in his appeal brief, a motion to reconsider, or otherwise. Accordingly, he failed to exhaust his administrative remedies for this claim, and we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 319–21 (5th Cir. 2009).

Additionally, Heredia fails to establish the evidence compels concluding he suffered past persecution or has an objectively reasonable fear of future persecution. *See Orellana-Monson*, 685 F.3d at 518 (citation omitted). And, "[b]ecause the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, [Heredia's] failure to establish eligibility for asylum is dispositive of [his] claim[] for withholding of removal". *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (citation omitted).

DISMISSED IN PART and DENIED IN PART.