# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 29, 2021

Lyle W. Cayce
Clerk

No. 20-60683
Summary Calendar

Njenu Doh Noela,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 327 544

---

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Njenu Doh Noela, a native and citizen of Cameroon, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the denial by the immigration judge (IJ) of her applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(CAT).  Doh Noela does not argue, as she did before the BIA, that she was wrongfully denied counsel in her hearing before the IJ.  Accordingly, she has abandoned this issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Through counsel, Doh Noela asserts that the IJ "cherry pick[ed] minor inconsistencies" to reach an adverse credibility finding and that the IJ's credibility finding did not extend to certain issues that were not in dispute during the trial, such as her identity as an indigenous person of the former United Nations Trust Territory of Southern Cameroons.  She contends that the third-country transit bar that the IJ applied to her asylum claim has since been vacated by the United States District Court for the District of Columbia and that she is eligible for asylum, withholding of removal, and protection under the CAT based on her past persecution, in the form of threats and beatings, and her well-founded fear of future persecution, because of her membership in that particular social group.

Regardless whether the third-country transit bar applies, Doh Noela's asylum claim would also be subject to the IJ's adverse credibility determination.  As to her challenge to the credibility determination, a factfinder may rely on any inconsistencies in making a credibility determination, and the inconsistencies need not go to the heart of the petitioner's claim.  *See Avelar-Oliva v. Barr*, 954 F.3d 757, 763-64 (5th Cir. 2020); 8 U.S.C. § 1158(b)(1)(B)(iii).  Moreover, although Doh Noela contends that there is undisputed documentary evidence regarding her ethnic identity, this evidence alone is not sufficient to demonstrate that she is entitled to the requested relief.  *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).  The BIA supported its determination with multiple specific reasons based on the record, including: (1) Doh Noela's testimony that she blindly followed an unknown man at the airport during her escape from Cameroon; (2) her inability to clearly explain how she was recruited by

No. 20-60683

the Southern Cameroon National Council (SCNC) or when she attended SCNC meetings; (3) the implausibility of her professed lack of knowledge regarding the facility in which she was detained; (4) inconsistencies in her testimony about whether she walked home after her 21-day detention; and (5) the implausibility of her story about being beaten during her detention in light of her failure to mention, until prompted by the IJ, any subsequent wound care she received at the hospital.  Doh Noela has not explained the inconsistencies or implausible scenarios, refuted the IJ's determinations concerning affidavits that she provided, or shown that based on the "totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *See Avelar-Oliva*, 954 F.3d at 767 (internal quotation marks and citation omitted). Therefore, the BIA's adverse credibility determination is supported by substantial evidence.  *See id.; Wang v. Holder*, 569 F.3d 531, 538-39 (5th Cir. 2009). The adverse credibility determination is fatal to all her claims as the factual basis for her claims was the same and the denial of relief turned on the assessment of her credibility.  *See Suate-Orellana v. Barr*, 979 F.3d 1056, 1061 (5th Cir. 2020); *Chun v. INS*, 40 F.3d 76, 78-79 (5th Cir. 1994).

 The petition for review is DENIED.