# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2022

Lyle W. Cayce
Clerk

No. 21-60746
Summary Calendar

Achaleke Fuanya,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 744 894

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Achaleke Fuanya, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ). He challenges the BIA's determination that he was ineligible for asylum and relief under the

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60746

Convention Against Torture (CAT).  He fails to brief the issue whether the BIA erred by dismissing his appeal from the denial of withholding of removal and thus has waived any arguments he may have had regarding this issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Insofar as he challenges the BIA's conclusion that he waived the issue whether he submitted sufficient evidence to corroborate his discredited testimony, we lack jurisdiction to consider this issue because it is unexhausted.  *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022).

We review the BIA's decision for substantial evidence, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005), and consider the IJ's decision only insofar as it influenced the BIA, *see Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).  Fuanya's challenge to the BIA's adverse credibility determination is unavailing because the disputed determination is supported by "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *see Singh*, 880 F.3d at 225; *see also id.* at 224.  The record refutes his assertion that the BIA failed to consider his country conditions evidence, and he has not shown that the record evidence compels a conclusion contrary to that of the BIA on the issue whether he has shown he more likely than not would be tortured with official acquiescence if repatriated.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*, 432 F.3d at 344.  The petition for review is DENIED in part and DISMISSED in part.