# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2022

No. 22-60134
Summary Calendar

Lyle W. Cayce
Clerk

Vilma Leticia Cuxum Sis; Brayan Christian Moise
Alvarado Cuxum,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 155 514
Agency No. A209 155 515

Before King, Higginson, and Willett, *Circuit Judges.*

Per Curiam:*

Vilma Leticia Cuxum Sis and her minor son Brayan Christian Moise
Alvarado Cuxum, both natives and citizens of Guatemala, petition for review
of the denial by the Board of Immigration Appeals (BIA) of their applications

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60134

for asylum and withholding of removal based on telephone calls received by Cuxum Sis in Guatemala that threatened death and demanded extortion payments.[1]  Significantly, Alvarado Cuxum fails to assert, and thereby abandons, any challenge to the BIA's denial of his motion to remand.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Asylum may be granted to "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158(b)(1)(A).  Under the provisions for withholding of removal, 8 U.S.C. § 1231(b)(3)(A), an alien may not be removed to a country "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

Claims for asylum and withholding of removal both require persecution by the government or by a private party that it is unable or unwilling to control.  *See Adebisi v. INS*, 952 F.2d 910, 913-14 (5th Cir. 1992).  Here, to the extent that the argument is adequately briefed, the petitioners have not shown that they presented such compelling evidence of the Guatemalan government's inability or unwillingness to protect them from the alleged persecutor that no reasonable factfinder could have found them ineligible for asylum or withholding of removal.  *See Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020).  The petition for review is DENIED.

---

[1] Alvarado Cuxum was included as a derivative beneficiary on Cuxum Sis's application, and he also filed his own application based primarily on the same set of facts.