# United States Court of Appeals for the Fifth Circuit

---

No. 22-60344
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2023

Lyle W. Cayce
Clerk

Adalberto Basurto-Lozano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 999 151

---

Before Barksdale, Elrod, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Adalberto Basurto-Lozano, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He maintains the BIA erred in: finding he was not credible; ruling he failed

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

to satisfy the nexus requirement; basing its denial of withholding on his failed asylum claim; and finding he failed to establish the relevant requirements for protection under CAT.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

First, Basurto's challenge regarding the IJ's adverse credibility finding is not properly before this court because the BIA did not rule on it; instead, it assumed he was credible and reached the merits of his claims. *E.g.*, *Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981) ("[W]e are not permitted to consider reasons other than those [the BIA] advanced". (citation omitted)).

Second, the BIA denied asylum and withholding based on the nexus element, without reaching the merits of the cognizability of his proposed particular social group of former police officers. *E.g.*, *Vazquez-Guerra v. Garland*, 7 F.4th 265, 269 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022) (explaining nexus element requires protected ground be "at least one central reason for persecution", "it cannot be incidental, tangential, superficial, or subordinate to another reason for harm" (citations omitted)). Because evidence of extortion and threats by gangs due to his status as a former police officer is not "so compelling that no reasonable factfinder could reach a contrary conclusion", he failed to show that substantial evidence does not support the BIA's conclusion the gangs were financially motivated. *Chen*, 470 F.3d at 1134.

No. 22-60344

Third, as Basurto acknowledges, his assertion that the nexus standard is more relaxed for a withholding claim is foreclosed in this circuit. *E.g.*, *Vazquez-Guerra*, 7 F.4th at 271 ("Despite [petitioner]'s argument that withholding of removal involves a 'less demanding' and 'more relaxed' standard than asylum for meeting the nexus requirement, this court has held that applicants for withholding of removal must similarly show that a protected ground, including membership in a particular social group, was or will be at least one central reason for persecuting the applicant." (citation omitted)). Accordingly, the BIA did not err in rejecting the asylum and withholding claims.

Finally, Basurto has abandoned his CAT claim because he failed to brief adequately that any torture he faced, or would face, would be by, or with the acquiescence, of El Salvadoran officials. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (noting issues not briefed are abandoned); *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010) (establishing protection under CAT requires alien "demonstrate that, if removed to a country, it is more likely than not he would be tortured by, or with the acquiescence of, government officials acting under the color of law").

DENIED.