# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2011

No. 10-60123
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL ANGE NGIMBI, also known as Ange Ngimbi,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A074 671 736

Before KING, DEMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Ange Ngimbi, a native and citizen of the Democratic Republic of the Congo (DRC), has asked this court to review a final order of removal issued by the Board of Immigration Appeals (BIA) based on his status as an alien present in the United States convicted of a drug trafficking crime in violation of 8 U.S.C. § 1227(a)(2)(A)(iii).  Ngimbi argues that because he submitted corroborating evidence in the form of his father's credible testimony, the BIA erred when it required him to submit additional corroborating evidence.  If

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

additional corroborating evidence is necessary, he further argues that he should be afforded the opportunity to gather such evidence on remand to the BIA. Finally, he argues that he is entitled to withholding or deferral of removal under the Convention Against Torture (CAT) based on the evidence presented.

This court generally reviews only the BIA's decision except to the extent that the immigration judge's (IJ's) decision influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court reviews the BIA's rulings of law de novo and its findings of fact to determine if they are supported by substantial evidence in the record. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under substantial evidence review, this court may not reverse the agency's factual findings unless the evidence not only supports a contrary conclusion, but compels it. *Id.*

Ngimbi makes no arguments regarding the BIA's determination that he was not credible at the immigration hearing. Thus, he has abandoned any challenge to that determination. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ngimbi's argument regarding additional corroborating evidence is without merit. An applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, "but only if the applicant satisfies the trier of fact that [his] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (alteration in original) (citation omitted); *see* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C), 1229a(c)(4)(B). The BIA can require an alien to submit evidence to corroborate even credible testimony if the evidence is reasonably available. § 1158(b)(1)(B)(ii); § 1231(b)(3)(C); § 1229a(c)(4)(B). Thus, whether or not the BIA found Ngimbi's father to be credible, the BIA was entitled to require additional corroborating evidence from Ngimbi. Moreover, Ngimbi was notified in his application for asylum that he needed to provide documents evidencing the general conditions in the DRC and

the specific facts on which he was relying on to support his claim.  Accordingly, we find no basis to remand this case to the BIA to allow Ngimbi to gather more evidence to support his claim.

Finally, substantial evidence supports the BIA's determination that Ngimbi was not entitled to relief from removal under the CAT.  To obtain CAT relief, an applicant must show "that it is *more likely than not* that he or she would be tortured if removed to the proposed country of removal."  *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006) (quoting 8 C.F.R. § 208.16(c)(2)) (emphasis in original).  Torture is defined as any act which causes severe pain or suffering and which "is intentionally inflicted on a person . . . for any reason . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."   8 C.F.R. § 208.18(a)(1).  This court reviews the agency's decision to deny relief under the CAT for substantial evidence and therefore will not reverse the decision unless the record compels it.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Ngimbi failed to produce any evidence that he was ever tortured in the DRC or that anyone threatened to torture him if he is removed to the DRC.  Further, he did not produce evidence that compels the conclusion that his father engaged in activities harmful to the DRC government, that the DRC was aware of his father's activities, harmful or not, or that the DRC threatened either him or his father because of his father's activities, his father's asylum status, or Ngimbi's application for asylum.  Thus, the record thus does not compel a finding that Ngimbi is entitled to relief under the CAT.  *See id.*

Accordingly, Ngimbi's petition for review is DENIED.