# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2012

No. 11-60753
Summary Calendar

Lyle W. Cayce
Clerk

CESAR A. ANDRADE-BOLANOS, also known as Cesar Arturo Andrade-Bolanos, also known as Antonio Contreras,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 441 457

Before KING, JOLLY and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cesar A. Andrade-Bolanos (Andrade), a native and citizen of Mexico, challenges the decision of the Board of Immigration Appeals (BIA) that affirmed the denial of his claims for asylum, withholding of removal, and relief by the Immigration Judge (IJ) under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).  *See* 108 Stat. 382, 1465 U.N.T.S. 85; 136 Cong. Rec. S17,491–92 (daily ed. Oct. 27, 1990); *see also*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 C.F.R. § 208.18 (CAT implementation).  Andrade challenges the IJ's ruling denying relief on the basis of an adverse credibility determination, but he fails to brief any argument regarding the IJ's alternative ruling that Andrade's claims for asylum and withholding of removal must be denied even if his testimony were considered credible because Andrade's evidence failed to show that he was entitled to such relief.  Thus, he has abandoned any challenge to the IJ's alternative denial of asylum and withholding of removal.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Similarly, Andrade fails to challenge the determination by the BIA and the IJ that no evidence establishes that Andrade faces a clear probability of torture in Mexico "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).  Accordingly, he has abandoned any challenge to the denial of his CAT claim.  *See Soadjede*, 324 F.3d at 833.

PETITION DENIED.