# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2014

Lyle W. Cayce
Clerk

ARMANDO SANCHEZ-CACATZUN,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 143 061

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Armando Sanchez-Cacatzun petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denying him asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA relied on the IJ's decision; therefore, both the IJ's decision and the order of the BIA are reviewed. *E.g.*, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Because Sanchez does not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenge the BIA's holding that his asylum application is time barred, he has abandoned the issue. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). He has also abandoned any claim he is entitled to withholding of removal or CAT relief based on any ground other than his homosexuality. *See id.*

An alien is entitled to withholding of removal if he can establish it is more likely than not that, if he is returned to his country of origin, his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion". *Zhu v. Gonzales*, 493 F.3d 588, 596 (5th Cir. 2007) (internal quotation marks omitted) (citing 8 U.S.C. § 1231(b)(3)(A) (restriction on removal to a country where alien's life or freedom would be threatened)). Additionally, an alien is entitled to protection under the CAT if he proves it is more likely than not that, if deported, he will suffer torture by or with the consent or acquiescence of the government. 8 C.F.R. § 208.16(c)(2) (eligibility for withholding of removal under the CAT); *see also Zhang v. Gonzales*, 432 F.3d 339, 344–45 (5th Cir. 2005). This court reviews, for substantial evidence, decisions to deny both withholding of removal and CAT relief, and it will not reverse unless the record compels it. *Id.* at 344.

As Sanchez' contentions consist of a series of conclusory assertions, unsupported by citations to the record, regarding alleged persecution and torture of homosexuals by Guatemalan authorities, he fails to show the record compels reversal. *See, e.g.*, *id.* at 345. Although he maintains the scarcity of factual support for his claims is justifiable because the alleged persecution and torture of homosexuals in Guatemala is underreported, Sanchez bears the burden of presenting evidence showing he was entitled to withholding of

No. 13-60340

removal and CAT relief.  8 U.S.C. § 1231(b)(3)(C) (sustaining burden of proof); 8 C.F.R. § 208.16(c)(2) (same); *e.g.*, *Zhang*, 432 F.3d at 344.

DENIED.