**Mohammed Shoaib ALVI, Petitioner,**

v.

**Loretta LYNCH, U.S. Attorney General, Respondent.**

No. 14–60050
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 2015.

Jennifer Chih–Chieh Reynolds, Houston, TX, for Petitioner.

Briena Lorraine Strippoli, Esq., Trial Attorney, Rachel Louise Browning, Trial Attorney, Tangerlia Cox, Remi Da Rocha–Afodu, Esq., Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Mohammed Shoaib Alvi, a native of Pakistan and citizen of the United Kingdom, petitions this court for review of the Board of Immigration Appeals' (BIA) decisions sustaining the Department of Homeland Security's (DHS) appeal of the Immigration Judge's (IJ) grant of a waiver under § 211(b) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1181(b), and dismissing his appeal of the IJ's final order of removal. Alvi contends that the BIA erred in concluding that he did not qualify for a § 1181(b) waiver because he was not admissible to the United States as a returning lawful permanent resident. Specifically, he argues that the BIA failed to give proper weight to his testimony and evidence regarding his absence from the United States.

Alvi has failed to provide evidence so compelling that no reasonable fact-finder would agree with the BIA's determination that he abandoned his lawful permanent resident status. *See Moin v. Ashcroft,* 335 F.3d 415, 418 (5th Cir.2003). Therefore, the BIA did not err in concluding that Alvi did not qualify for a § 1181(b) waiver.

Finally, Alvi has abandoned any challenge to the BIA's December 20, 2013, determination that he failed to establish that he was eligible for an adjustment of status or any other form of relief from removal and that it was not authorized to review the constitutionality of the immigration laws. *See Soadjede v. Ashcroft,*

---

324 F.3d 830, 833 (5th Cir.2003) (per curiam). Accordingly, the petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

