# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60494

ABID HUSSAIN; ANEELA PARVEEN ABID,

     Petitioners

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

     Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

Petition for Review of an Order
of the Board of Immigration Appeals
No. A098 223 494

Before SMITH, WIENER, and GRAVES, Circuit Judges.

PER CURIAM:*

     Petitioners Abid Hussain and Aneela Parveen Abid[1] are natives and citizens of Pakistan who were admitted to the United States in February 2000,

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Respondent filed an uncontested motion to sever the petition of Mahsheed Abid Hussain from those of her parents Abid Hussain and Aneela Parveen Abid and to remand her case to the Board of Immigration Appeals ("BIA") so that it could be administratively closed. In an earlier order, we disposed of the motion by severing the petition of Mahsheed and dismissing it without prejudice to reinstatement.

as nonimmigrant visitors with authorization to remain here for a temporary period not to exceed March 19, 2000.[2] At the end of December 2002, Petitioners left the United States for Canada, seeking asylum there. They were denied admission to and removed from Canada in April 2005. They then sought admission to the United States.

In May 2009, the Department of Homeland Security (DHS) issued Petitioners notices to appear, charging them with removability for having remained in the United States longer than permitted.[3] In February 2010, DHS withdrew the charge of removability, instead charging Petitioners as inadmissible arriving aliens who were not in possession of valid entry documents at the time of their applications for admission in 2005.[4]

Petitioners appeared before an immigration judge ("IJ"), admitted the factual allegations in the notice to appear, and conceded the charge of inadmissibility. The IJ found Petitioners inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Petitioners then applied for asylum, statutory withholding of removal, and withholding of removal under the Convention Against Torture ("CAT") based on religion and membership in a particular social group.[5] They

---

[2] *See* 8 U.S.C. § 1101(a)(15).

[3] *See* 8 U.S.C. § 1227(a)(1)(B).

[4] *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I); *see also Matter of R-D-*, 24 I. & N. Dec. 221, 223, 225-26 (B.I.A. 2007) (affirming an immigration judge's decision that an alien returning to the United States after the denial of an application for refugee status in Canada is an arriving alien seeking admission into the United States).

[5] The IJ found that they did not file their asylum applications within one year following their arrival in the United States and that they did not fall within any exceptions to that one-year deadline. The BIA found that they did not appeal that determination. They have not raised a challenge to the denial of their asylum applications in this court. Thus, any challenge to the denial of asylum is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d

asserted that they feared persecution and torture in Pakistan for the following reasons:  (1) Abid is Shia, Aneela is Sunni, and they are raising Mahsheed as Shia; (2) Aneela's family in Pakistan is a powerful member of the Muttahida Quami Movement; (3) Aneela's family opposed their inter-religious marriage and their raising  Mahsheed as Shia; (4) Aneela's family vowed to kill all Petitioners as a type of honor killing and would be able to find Petitioners in the United States; (5) her family left them voicemails stating that they would be killed as soon as they returned to Pakistan; (6) Pakistani police or other authorities would be unable to help them because of Aneela's family's political connection and power; and (7) her family could find them in any part of Pakistan.

As summarized by the IJ, Abid testified that (1) Aneela's father gave him permission to marry her; (2) her whole family attended the wedding; (3) her family knew at the time that he was Shia; (4) it is traditional for a wife and children to take the father's religion; (5) Aneela converted and is now Shia; and (6) neither he nor Aneela had been harmed in Pakistan following their 1997 wedding. Abid inconsistently testified that (1) Aneela had been in contact with her family since they left Pakistan for the United States; (2) she had not been in contact with her family; and (3) he did not know whether she had been in contact with her family. Abid also testified that he had received a single threat from Aneela's brother via a voicemail message while he was in Canada, and that he had spoken with Aneela's father by telephone, who said that the family would be upset if the couple's children were raised Shia.

As also summarized by the IJ, Aneela testified that (1) she sometimes prays as a Shia but considers herself a Sunni; and (2) her brother had

---

830, 833 (5th Cir. 2003) (explaining that issues not raised in a petition for review of a decision by the BIA are abandoned).

threatened Abid's parents in Pakistan, but nothing had happened to them since that threat. Aneela also testified inconsistently that (1) she had not been in contact with her family while she was in the United States or Canada regarding the religious upbringing of her daughter; (2) she had spoken with her parents while she was in Canada and told them she would raise her daughter Shia.

The IJ found that because Petitioners' "alleged fear of harm arose out of the alleged telephone threat or threats, . . . the discrepancies and inconsistencies regarding these alleged telephone calls undermine the credibility of [Petitioners]." The IJ also found "that since the difference in religious beliefs and practices is the basis for the claims for relief, the inconsistent testimony of [Petitioners] regarding the wife's religion also undermines the credibility of [Petitioners] in this case." After reviewing the evidence and finding that Petitioners were not credible witnesses, the IJ found that "apart from their testimony, there is no other evidence in the record that specifically relates to their claims for relief." Concluding that Petitioners had not borne their burden of showing that they were eligible for statutory withholding of removal or for withholding under the CAT, the IJ ordered them removed to Pakistan.

Through counsel, Petitioners appealed to the Board of Immigration Appeals ("BIA"). Counsel made a conclusional assertion that it was an error of law for the IJ to deny Petitioners' applications for relief, and asserted that, as "[t]he only issue in this appeal," it was an error of fact for the IJ to find them not credible because the finding was not supported by specific and cogent reasons and was based on minor discrepancies that did not go to the heart of their claims. Counsel further asserted that Petitioners had "testified in some

detail . . . as to their fear of returning to Pakistan because of their mixed marriage."[6]

The DHS moved for summary affirmance, noting that Petitioners did "not take issue with or point to any particular finding of fact made by the [IJ]" and contending that the IJ cited specific reasons for its adverse credibility determination that were central to Petitioners' claims for relief. The BIA determined that (1) the IJ's adverse credibility determination was not clearly erroneous; (2) Petitioners did not establish that the IJ's view of the evidence was impermissible; (3) the discrepancies noted by the IJ did not need to go to the heart of Petitioners' claim; and (4) the IJ's adverse credibility determination was based on noted discrepancies regarding threats that Petitioners allegedly received and Aneela's religious affiliation. Based on the IJ's findings of fact, the BIA concluded on *de novo* review that Petitioners did not qualify for statutory withholding of removal or for withholding under the CAT. After the BIA dismissed Petitioners' appeal, they timely filed their petition for review.[7]

## ANALYSIS

Petitioners contend that the BIA erred in upholding the IJ's adverse credibility determination. They further contend that the BIA's determination that the IJ's adverse credibility determination was not clearly erroneous is not supported by substantial evidence and "go[es] against the facts presented by Petitioners."

---

[6] Petitioners also filed a motion for abatement or administrative closure of the proceedings, which the DHS opposed, and the BIA denied. Petitioners do not challenge the denial of that motion in this court. Thus, any challenge to the denial of that motion is deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

[7] *See* 8 U.S.C. § 1252(b)(1).

The DHS responds that the BIA "properly denied Petitioners'
applications for withholding of removal where the immigration judge properly
determined that Petitioners could not meet their burdens of proof because they
lacked credibility." It notes that the IJ "pointed to specific instances in the
record where contradictory evidence was provided," which it reviews.

We review the BIA's decision and will consider the underlying decision
of the IJ only to the extent that it influenced the determination of the BIA.[8]
But "a court may review a final order of removal only if . . . the alien has
exhausted all administrative remedies available to the alien as of right."[9]

The alien has the burden of proving that he is eligible for statutory
withholding or for withholding under the CAT.[10] The alien's testimony, if
credible, may bear that burden.[11]

> [A] trier of fact may base a credibility
> determination on the demeanor, candor, or
> responsiveness of the applicant or witness, the
> inherent plausibility of the applicant's or witness's
> account, the consistency between the applicant's or
> witness's written and oral statements (whenever made
> and whether or not under oath, and considering the
> circumstances under which the statements were
> made), the internal consistency of each such
> statement, the consistency of such statements with
> other evidence of record (including the reports of the
> Department of State on country conditions), and any
> inaccuracies or falsehoods in such statements, without
> regard to whether an inconsistency, inaccuracy, or

---

[8] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[9] 8 U.S.C. § 1252(d)(1); *see Omari v. Holder*, 562 F.3d 314, 317-19, 321, 324-25 (5th
Cir. 2009) (holding that the failure to exhaust is a jurisdictional bar and that parties must
fairly present an issue to the BIA to satisfy § 1252(d)'s exhaustion requirement).

[10] 8 U.S.C. § 1231(b)(3)(C); 8 C.F.R. § 208.16(b), (c)(2).

[11] 8 U.S.C. § 1158(b)(1)(B)(ii); *Id.* § 1231(b)(3)(C); 8 C.F.R. § 208.16(b), (c)(2).

> falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.[12]

We must defer to a "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."[13]

Petitioners insist that the IJ "breached its duty to develop the record by failing to provide a balance in the line of questioning conducted towards Petitioners." They did not, however, raise this argument in their brief to the BIA, and we lack jurisdiction to entertain this unexhausted issue.[14]

Petitioners did, however, challenge the IJ's credibility determination itself in that brief. Even though they raised the argument "in a less-developed form to the BIA," we have jurisdiction because it has been "sufficiently exhausted."[15]

In fleshing out that argument, Petitioners maintain that a thorough analysis of the record reveals substantial evidence that the adverse credibility determination is clearly erroneous. They state, in part, that "it is evident that the IJ based his determination on a simplification of the death threats against Petitioners and their family as well as an over-emphasis on one particular element of Petitioners' claim."

---

[12] 8 U.S.C. § 1158(b)(1)(B)(iii); *see* 8 U.S.C. § 1231(b)(3)(C).

[13] *Wang*, 569 F.3d at 538.

[14] S*ee* 8 U.S.C. § 1252(d)(1); *Omari*, 562 F.3d at 318-19.

[15] *Omari*, 562 F.3d at 321.

We do not agree. Under the totality of circumstances, including Petitioners' withholding applications and their testimony to the IJ as summarized above, it is not "plain that no reasonable fact-finder could make such an adverse credibility ruling."[16] Accordingly, we defer to that ruling.[17] Petitioners do not assert that they had evidence other than their noncredible testimony to support their applications for statutory withholding or withholding under the CAT.[18]

## CONCLUSION

For the forgoing reasons, the petition for review of the denials of the applications of Abid Hussain and Aneela Parveen Abid is DENIED.

---

[16] *Wang*, 569 F.3d at 538.

[17] *Id.*

[18] While the instant petition was pending, counsel notified us that the Petitioners are now divorced. Because we uphold the determination that there was no threat of religious persecution while Petitioners were married, we need not consider whether Petitioners' divorce eliminated that threat.