# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60187
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

GOVINDPREET SINGH,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A202 058 411

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Govindpreet Singh, a native and citizen of India, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the immigration judge (IJ) denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Singh contends that the IJ's and the BIA's adverse credibility determination was not supported by substantial evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that he corroborated his credible testimony with documentary evidence that was not sufficiently considered.  Singh presents no argument on the denial of his request for relief under the CAT, and any challenge to that denial of relief is waived.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Where, as here, the BIA approved of and relied upon the IJ's decision, in addition to providing its own review of the evidence and the law, we have authority to review both the BIA's and the IJ's decisions.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  We review factual findings, including credibility determinations, for substantial evidence.  *Id.*  Under this highly deferential standard, our court will not reach a different result unless "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The IJ's and the BIA's adverse credibility determinations were based on specific inconsistencies and discrepancies among Singh's testimony, his application for relief from removal, and the documentary evidence he submitted.  The first, and most glaring, inconsistency was between Singh's written statement that he was beaten during an August 2012 incident and his testimony indicating that he merely assumed he was beaten because of pain in his leg.  He argues here that his assumption that he was beaten was consistent with his written statement that he had been beaten, and he argues that the IJ failed to explore possible reasons for the inconsistency.  We do not consider the challenge to this particular inconsistency because the arguments Singh presents here are not the same as the argument he presented to the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).

Singh's challenge to the other two inconsistencies specifically mentioned by the IJ and the BIA is unavailing.  The adverse credibility determinations are substantially reasonable and supported by the record.  *See Wang*, 569 F.3d

at 539-40.  Because Singh has not shown that, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could fail to find him credible, we defer to the IJ's and the BIA's adverse credibility determinations.  *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).  In the light of the adverse credibility determinations, Singh has not shown that the BIA erred in affirming the IJ's denial of his requested relief from removal.  *See Dayo v. Holder*, 687 F.3d 653, 657-59 (5th Cir. 2012).  Because Singh's lack of credibility is an adequate ground for upholding the BIA's decision, we need not address the alternative holding that Singh could reasonably relocate within India and thus would not be eligible for asylum even if he had been found credible.  *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Accordingly, Singh's petition for review is DENIED.