# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2018

Lyle W. Cayce
Clerk

No. 17-60707
Summary Calendar

YESENIA ELIZABETH HERNANDEZ DE NAJARRO; PAMELA ELIZABETH NAJARRO HERNANDEZ,

Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 681 444
BIA No. A208 681 445

Before DENNIS, CLEMENT, OWEN, Circuit Judges.

PER CURIAM:[*]

Yesenia Elizabeth Hernandez De Najarro (Hernandez De Najarro) and her minor child Pamela Elizabeth Najarro Hernandez (Pamela) petition for review of an order by the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their claims for asylum and from the denial of Hernandez De Najarro's claim for withholding of removal. The agency also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60707

denied Hernandez De Najarro's claim for protection under the Convention Against Torture, but she has abandoned that issue by failing to raise it in her petition for review.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Hernandez De Najarro and Pamela, as her mother's derivative beneficiary, sought asylum because Hernandez De Najarro received a death threat from an MS-13 gang member, and she alleged that the threat was made on account of her political opinion during a mayoral election in early 2015.  She also alleged that the threat was made because she was the daughter of Jose Alfredo Hernandez Panameno, who had not spied on the police as requested by the MS-13 gang.

The BIA's finding that the gang's motive in threatening Hernandez De Najarro was gang-related criminality arising from generally violent conditions and civil disorder in El Salvador is supported by substantial record evidence.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  Although the record does not exclude Hernandez De Najarro's theory on the gang's motive or motives for threatening her, it does not compel a finding contrary to that of the BIA. Accordingly, the BIA's finding that Hernandez De Najarro and Pamela are ineligible for asylum will be upheld, *see* 8 U.S.C. § 1252(b)(4)(B); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), as will the BIA's finding that Hernandez De Najarro is ineligible for withholding of removal, *see Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).  Finally, the record does not support Hernandez's De Najarro's argument that the IJ or the BIA required her to support her claims for relief with direct evidence of her allegations.

The petition for review is DENIED.