# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2020

No. 19-60033
Summary Calendar

Lyle W. Cayce
Clerk

ROSA MARLENE ORTIZ-CARPIO; ROCIO VALENTINA URQUILLA-ORTIZ; MILTON WILFREDO ORTIZ-CARPIO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 759 336
BIA No. A208 759 337
BIA No. A208 759 338

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rosa Marlene Ortiz-Carpio and her derivative beneficiaries, Rocio Valentina Urquilla-Ortiz and Milton Wilfredo Ortiz-Carpio, petition for review of the decision of the Board of Immigration Appeals (BIA) dismissing the appeal from the decision of the immigration judge (IJ) denying the application

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for asylum and withholding of removal.  Ortiz-Carpio argues that the BIA erred in finding that she failed to establish past persecution on account of a protected ground.  She argues that gang members persecuted her family and that she suffered emotional and psychological harm from the persecution of her children.

We "review only the BIA's decision, . . . unless the IJ's decision has some impact on" that decision.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo.  *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011).  Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position.  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

The findings that Ortiz-Carpio was not subjected to past persecution on account of a protected ground are supported by substantial evidence.  *See Orellana-Monson*, 685 F.3d at 518; *Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009); *Tesfamichael v. Gonzales*, 469 F.3d 109, 116 (5th Cir. 2006).  She has abandoned any challenge to the finding that she failed to establish a well-founded fear of future persecution.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).  Thus, Ortiz-Carpio has not shown that the agency erred in concluding that she was not entitled to asylum.  *See Wang*, 569 F.3d at 536.  Because Ortiz-Carpio failed to show that she is entitled to relief in the form of asylum, the BIA correctly determined that she cannot establish entitlement to withholding of removal, which requires a higher burden of proof.  *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Accordingly, the petition for review is DENIED.