# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-60566
Summary Calendar

MARIA CLAUDIA REYES-RUBIO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 740 473

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Maria Claudia Reyes-Rubio, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal of an Immigration Judge's (IJ) denial of protection under the Convention Against Torture (CAT). (She does not challenge the BIA's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

disposition of her asylum and withholding-of-removal claims or its ruling her five children are not derivative beneficiaries to her CAT application. She has, therefore, abandoned those claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining issues not raised and briefed are unexhausted and, therefore, abandoned).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Whether Reyes is eligible for CAT protection is a factual finding, reviewed for substantial evidence. *See id.*

To qualify for such protection, applicant must establish, *inter alia*: she is more likely than not to be tortured if removed to El Salvador; and the torture would be inflicted or condoned by the state. *See id.* at 1138–39; 8 C.F.R. § 1208.16(c)(2) (eligibility for withholding of removal under CAT), 1208.18(a)(1) (defining torture).

Even assuming Reyes could show a likelihood of torture by gang members upon her return to El Salvador, her claim for relief fails because the state-action requirement has not been met. *See Chen*, 470 F.3d at 1138–39. For example, she testified the police chief personally responded to her complaints, attempted to protect her family, and pledged to investigate a rogue officer who was colluding with the gang. Her assertion the police were indifferent or ineffective is insufficient to compel reversal under the substantial-evidence standard. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 229 (5th Cir. 2019) (explaining "a government's inability to protect its citizens does not amount to acquiescence" (citation omitted)); *Ramirez-*

No. 20-60566

*Mejia v. Lynch*, 794 F.3d 485, 493–94 (5th Cir. 2015) (explaining general evidence of gang violence and police corruption insufficient to show government would acquiesce in torture).

DENIED.