# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2022

Lyle W. Cayce
Clerk

No. 20-60863
Summary Calendar

Kem Divine Tikum,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 679 984

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kem Divine Tikum, a native and citizen of Cameroon who was removed in November 2020, petitions for review of the Board of Immigration Appeals' (BIA) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He challenges: the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

BIA's failure to remand this matter to the Immigration Judge (IJ) in the light of the invalidation of a regulation that rendered him ineligible for asylum previously; the BIA's adverse credibility finding; the denial of his asylum and withholding claims; and the denial of CAT relief.

Because Tikum failed to raise before the BIA the remand issue, our court lacks jurisdiction to consider it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022) (explaining that motion to reconsider required "when [BIA's] decision itself results in a new issue and the [BIA] has an available and adequate means for addressing it").

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An adverse-credibility determination is a factual finding. *Singh v. Sessions*, 880 F.3d 220, 224–25 (5th Cir. 2018). Therefore, "if the IJ's credibility determinations are supported by the record, they will be affirmed". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). In making an adverse-credibility determination, "[the] IJ may rely on *any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (citation omitted) (emphasis in original).

Consideration of the record does not show that "no reasonable fact-finder" could make such a determination. *See Singh*, 880 F.3d at 225 (citation omitted). Because the credibility findings were sufficient to support the BIA's decision that the IJ did not err in denying Tikum's requests for

asylum and withholding, our court need not consider his remaining assertions regarding these forms of relief. *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).

Although Tikum stated he was contesting the denial of CAT relief, he briefs no challenge to the BIA's adoption of the IJ's conclusion that Tikum failed to make the required showing that he was harmed by the Cameroonian authorities or faces a likelihood of torture. He has, therefore, abandoned his challenge to the denial of CAT relief. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining merits of appeal abandoned when petitioner makes no assertion "that the decision in his case is not supported by substantial evidence").

DISMISSED in part; DENIED in part.