# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2022

Lyle W. Cayce
Clerk

No. 21-60179
Summary Calendar

ERIKA VANESSA JUAREZ-AGURCIA; LENNY ANTONIO
RODRIGUEZ-JUAREZ,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 367 282
BIA No. A208 367 283

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Petitioner Erika Vanessa Juarez-Agurcia and her minor son, Lenny
Antonio Rodriguez-Juarez, are natives and citizens of Honduras. She
petitions us on behalf of herself and said minor son and derivative beneficiary

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-60179

for review of the decision of the Board of Immigration Appeals (BIA) that affirmed the decision of an Immigration Judge (IJ) denying her application for their asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

We review the BIA's decision under the substantial-evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005). In doing so, we consider the IJ's decision only to the extent that it influenced the BIA's decision. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Juarez-Agurcia contends that the BIA erred in affirming the IJ's denial of her asylum and withholding of removal claims because she established past persecution and a reasonable fear of future persecution based on her membership in a particular social group. She bases these claims on several events: (1) The murder of a neighbor, which she witnessed, and during which she was warned to keep quiet, (2) an attempted robbery at knifepoint,[1] (3) a land dispute involving her politically connected uncle, (4) her brother being robbed by two armed men, and (5) her cousin being killed. However, Juarez-Agurcia testified that she had never been harmed personally in Honduras. Therefore, as the IJ determined and the BIA affirmed, she has not established past persecution. *See, e.g.*, *Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996).

Further, substantial evidence supports the BIA's determination that Juarez-Agurcia has failed to show a nexus between any past harm or feared future harm and a protected ground: Conduct driven by purely personal or criminal motives is usually insufficient to establish persecution. *See Thuri v.*

---

[1] Juarez-Agurcia explains that she was the "victim of an attempted robbery at knife-point, but . . . was able to escape the man, who was on a bicycle, and run to a neighbor's home."

No. 21-60179

*Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004) (per curiam). Additionally, because Juarez-Agurcia fails to challenge the BIA's determination that she did not bear her burden of showing that internal relocation would be unreasonable, she has abandoned any claim she might have had concerning that issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Juarez-Agurcia's assertion that she should have been granted relief under the CAT is likewise unavailing. The events underlying her application for such relief do not constitute persecution, so they cannot amount to torture for purposes of the CAT. *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Juarez-Agurcia's contention concerning country conditions in Honduras is also unavailing. "[P]otential instances of violence committed by non-governmental actors against citizens, together with speculation that the police might not prevent that violence, are generally insufficient to prove government acquiescence." *Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014). We will not disturb the BIA's rejection of her CAT claim since substantial evidence supports their determination that Juarez-Agurcia failed to demonstrate that any past or future harm would be by a public official or other person acting in an official capacity or with such a person's consent or acquiescence. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019).

Juarez-Agurcia's petition for review on her behalf and that of her minor son is DENIED.