# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2022

Lyle W. Cayce
Clerk

No. 21-60141
Summary Calendar

Gilma Yanira Quintanilla-Gonzalez; Gloria Rebeca Gonzalez-Quintanilla,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 828 783
Agency No. A209 828 784

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Gilma Yanira Quintanilla-Gonzalez and her daughter, Gloria Rebeca Gonzalez-Quintanilla, a rider on her mother's asylum application, petition for review of a decision of the Board of Immigration Appeals (BIA) affirming,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

without opinion, the immigration judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision. *See Moin v. Ashcroft*, 335 F.3d 415, 418 (5th Cir. 2003). The IJ's factual findings that an alien is not eligible for asylum, withholding of removal, or protection under the CAT are reviewed for substantial evidence. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 343–44 (5th Cir. 2005).

Quintanilla-Gonzalez seeks asylum and withholding of removal based on her membership in two proposed particular social groups (PSGs). Her first proposed PSG, Salvadoran women unable to leave their relationships, is associated with her assertion that she was the victim of domestic violence. The IJ did not err in concluding this PSG is not cognizable. *See Jaco v. Garland*, 24 F.4th 395, 405–07 & n.4 (5th Cir. 2021) (holding PSG consisting of "Honduran women who are unable to leave their domestic relationships" lacks particularity and social distinction and is inherently circular); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232 (5th Cir. 2019) (rejecting PSG consisting of "Honduran women unable to leave their relationship" for same reasons). *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (A.G. 2021), cited by petitioners for support, does not alter our analysis. *See Jaco*, 24 F.4th at 405–07. Further, even if the IJ's analysis of the PSG issue was cursory, a remand is unnecessary, given that the agency would be bound by circuit precedent on remand.

Petitioners do not raise any meaningful challenge to the IJ's denial of Quintanilla-Gonzalez's claims to the extent they involve the second proposed PSG, immediate family members of her daughter. The IJ determined that family membership can constitute a viable PSG; however, Quintanilla-Gonzalez had not established a nexus to a protected ground, and her feared threats were related to gang recruitment and economic extortion. Because petitioners do not challenge the agency's dispositive lack-of-nexus

determination, the issue is forfeited. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Their claims for asylum and withholding of removal therefore fail.

Petitioners do not contest the agency's denial of protection under the CAT. Accordingly, any such challenge is abandoned. *See id.*

DENIED.