# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023
Lyle W. Cayce
Clerk

No. 22-60099

Abdikarim Hassan Ahmed,

*Petitioner,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 596 594

Before Clement, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Abdikarim Hassan Ahmed unsuccessfully applied for asylum, withholding of removal, and protection under the Convention Against Torture. In light of two alleged errors, he asks us to reverse the Board of Immigration Appeal's decision and remand for further proceedings. We deny Ahmed's first claim on the merits and dismiss his second for lack of jurisdiction.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60099

I.

Ahmed—a native and citizen of Somalia—entered the United States in March of 2021. The Department of Homeland Security charged him with removability for seeking admission without a valid entry document, 8 U.S.C. § 1182(a)(7)(A)(i)(I), and for being present in the United States without admission or parole, 8 U.S.C. § 1182(a)(6)(A)(i). Ahmed admitted both charges. He then applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for relief under the Convention Against Torture ("CAT").

Ahmed told the Immigration Judge ("IJ") that he had been targeted by al-Shabaab (a fundamentalist Islamic group that opposes Somalia's western-backed government) because of his imputed "pro-Somali government" or "anti-Islamic" political opinion and his "moderate Muslim" religion. Specifically, Ahmed contended that al-Shabaab threatened to kill him in 2008 for resisting their recruitment efforts and for associating with pro-government African Union Mission in Somalia ("AMISOM") soldiers. He relocated to Kenya later that year before returning to Somalia in 2016. After Ahmed opened a small grocery store in 2016, al-Shabaab demanded money from him between 2016 and 2020, threatened to kill him for refusing their demands and reporting them to the police, and hit him with the butt of a rifle in February 2020. Ahmed feared that if he returned to Somalia, al-Shabaab would target him for his past resistance and because "individuals with known connections to the United States" are viewed as "enemies of their cause, apostates, or spies."

The IJ denied all of Ahmed's claims. Regarding asylum and withholding of removal, the IJ found that Ahmed failed to show harm rising to the level of past persecution, a well-founded fear of future persecution, a nexus between the harm suffered or feared and his religion or imputed

2

political opinion, and the Somali government's unwillingness or inability to protect him. As to lack of nexus, the IJ explained that Ahmed's resistance to al-Shabaab's recruitment and extortion efforts is not a cognizable political opinion, nor is the perception that Ahmed had become westernized during his brief stint in the United States. The IJ further held that Ahmed failed to establish a likelihood of torture with sufficient state involvement to sustain his CAT claim.

Ahmed appealed to the Board of Immigration Appeals ("BIA" or "the Board"). He challenged the IJ's findings regarding his past and feared future persecution, al-Shabaab's motivations, and the Somali government's ability to protect him. Ahmed did not reassert his CAT claim. On the nexus issue, Ahmed contended that al-Shabaab imputed to him "a pro-Somali government or an anti-Islamic opinion" because he refused to join them or pay them off and because they believed he was working for the government. In challenging the IJ's conclusion that he was not targeted for his imputed political opinion, Ahmed asserted that al-Shabaab's accusation, that he was taking information about al-Shabaab to the government, showed that al-Shabaab's persecution of him was at least partially politically motivated. Ahmed also reupped his argument that as a returnee from the United States, he would be viewed as an enemy of al-Shabaab and face an elevated risk of harm.

The BIA dismissed Ahmed's appeal. The BIA found Ahmed's CAT claim forfeited. As for asylum and withholding, the Board affirmed the IJ's denial because Ahmed "ha[d] not demonstrated that his religion or an imputed political opinion was or will be at least one central reason for his persecution." Rather, the BIA found that al-Shabaab targeted him to recruit and extort him—citing to record evidence that Ahmed was not targeted until after he refused to join the group or pay extortion as well as to Ahmed's testimony that he would have been safe had he paid the extortion. The BIA

No. 22-60099

further noted that "[a]l-Shabaab recruited boys and young men generally, demanded payment from other business owners in the area, and regularly attacked civilians." Ahmed failed to demonstrate that any of this recruitment, extortion, and violence was motivated by the victims' religious or political beliefs as opposed to al-Shabaab's beliefs. The BIA added that "the mere existence of a generalized political or religious motive underlying [a]l-Shabaab's recruitment and extortion efforts, without more, is inadequate to establish the requisite nexus to a protected ground." Because its lack-of-nexus finding was dispositive, the BIA did not address other elements of the asylum and withholding claims.

Ahmed did not file a motion to reconsider with the BIA.

## II.

Ahmed petitions this court for review on two grounds.[†] First, he claims the BIA disregarded substantial evidence of a protected nexus between al-Shabaab's threats and his imputed political opinion. Second, Ahmed contends the BIA erred by ignoring his future persecution argument.

But before we can consider the merits of these claims, we must consider our jurisdiction. First we (A) consider our jurisdiction. Then we (B) consider the merits of Ahmed's only exhausted claim.

## A.

Start with exhaustion. The INA requires that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). In removal

---

[†] Ahmed only challenges the BIA's decision regarding asylum and withholding of removal. Accordingly, he has abandoned any claim under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

proceedings, aliens are afforded one motion for reconsideration as of right. 8 U.S.C. § 1229a(c)(6). So a petitioner must take advantage of that administrative remedy to overcome § 1252(d)(1)'s "jurisdictional bar." *Avelar-Olivia v. Barr*, 954 F.3d 757, 766 (5th Cir. 2020). Of course, an alien need not file a motion for reconsideration if his petition for review raises a claim that has already been squarely addressed and rejected by the BIA. *See, e.g.*, *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). In other words, "a petitioner exhausts a claim by presenting it to the BIA—whether on appeal or on a motion to reconsider." *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *see also Kumar v. Garland*, 52 F.4th 957, 965 (5th Cir. 2022) ("[T]he petitioner must raise, present, or mention an issue to the BIA, putting the BIA on notice of his claim before raising it in this court. The petitioner may put the BIA on notice either in his brief on appeal to the BIA or in a motion to reconsider." (quotation omitted)).

Under this framework, we must consider exhaustion (and hence jurisdiction) on a claim-by-claim basis. *See Ayala-Chapa v. Garland*, No. 21-60039, slip op. at 2 (5th Cir. Feb. 20, 2023). Ahmed's first claim is properly before us, but his second claim is not.

Ahmed's first argument is that he was persecuted on account of his contacts with the pro-government AMISOM soldiers. Ahmed made the same argument in his appeal brief before the BIA where he asserted that the IJ erroneously concluded Ahmed was not targeted for his imputed political opinion. Because Ahmed "raised the same claim[] to the Board on appeal from the I.J., the Board had a chance to address [it], so the[] [claim is] exhausted." *Martinez-Guevara*, 27 F.4th at 360; *see also Omari*, 562 F.3d at 320 ("[I]f a party disagrees with the BIA's resolution of an issue previously raised before the BIA, there is no need to reargue this issue in a motion for reconsideration."); *Kumar*, 52 F.4th at 969 (concluding that a petitioner's argument before the BIA that the IJ mischaracterized certain evidence was

sufficient to exhaust his argument that the BIA did the same). We therefore have jurisdiction over this claim.

Ahmed's second claim is that the BIA erred by only addressing the *past*-persecution issue and failing to consider whether he has a well-founded fear of *future* persecution. Such failure-to-consider arguments are precisely the sort our precedent requires aliens to exhaust in a motion to reconsider. *See Avelar-Olivia*, 954 F.3d at 766; *Omari*, 562 F.3d at 320 ("[W]here the BIA's decision itself results in a new issue," the "party must first bring it to the BIA's attention through a motion for reconsideration."); *Martinez-Guevara*, 27 F.4th at 360 (same); *Kumar*, 52 F.4th at 965–66 (same). Ahmed's failure to seek reconsideration means he failed to exhaust this claim, and we therefore lack jurisdiction to consider it.

B.

Turning to the merits, Ahmed argues that the BIA failed to consider evidence that he was persecuted on account of his interactions with AMISOM. We disagree. The Board expressly considered Ahmed's testimony about AMISOM when it held that al-Shabaab threatened Ahmed because he resisted their recruitment and extortion—*not* because of Ahmed's "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); *accord* 8 U.S.C. § 1231(b)(3)(A) (withholding of removal).

We review the BIA's determination that Ahmed is not eligible for asylum or withholding of removal for "substantial evidence." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this highly deferential standard, we need only make sure that the BIA's decision is "based upon the evidence presented" and is "substantially reasonable." *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013) (quotation omitted). "In other words, the alien must show that the evidence was so compelling that no reasonable

factfinder could conclude against it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

The BIA's dismissal of Ahmed's asylum and withholding of removal claims is supported by substantial evidence. The BIA began its analysis by accurately articulating Ahmed's general claim: "The respondent fears harm by members of [a]l-Shabaab based on his religion and imputed political opinion." The BIA proceeded to summarize the series of interactions Ahmed had with al-Shabaab in 2008 and from 2016 to 2020. After citing to Ahmed's testimony about those interactions, the Board observed that al-Shabaab only threated Ahmed *after* he rebuffed their recruitment efforts and refused their extortion demands. The BIA then concluded that "members of [a]l-Shabaab were motivated to target the respondent in order to recruit and extort him, rather than to persecute him on account of a protected ground."

True, Ahmed testified that while al-Shabaab threatened him because he resisted their recruitment and extortion, they *also* threatened him because of his contact with pro-government AMISOM soldiers. But the BIA cited this exact part of Ahmed's testimony and viewed it as part of al-Shabaab's ongoing efforts to recruit Ahmed, not freestanding political or religious persecution. *See Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) ("The Board does not have to write an exegesis on every contention." (quotation omitted)). That "is a reasonable interpretation of the record" and is "therefore supported by substantial evidence." *Chun*, 40 F.3d at 79.

DISMISSED in part and DENIED in part.