# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2023

Lyle W. Cayce
Clerk

———————————

No. 21-60850
Summary Calendar

———————————

Mahesh Budhathok,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 874 736

_____

Before King, Higginson, and Willett, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:[*]

Mahesh Budhathok[1] petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the denial by the Immigration Judge (IJ) of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He has failed to raise, and therefore abandoned, any challenge to the rejection of his CAT

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The petitioner's brief clarifies that the correct spelling of his name is Budhathoki.

No. 21-60850

claim and withholding of removal claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

Asylum may be granted to "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). An applicant may qualify for asylum either because he has suffered past persecution or because he has a well-founded fear of future persecution. *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022). In either case, where the applicant's alleged persecutors are "non-government actors, [the applicant] must also establish that the authorities [would be] unable or unwilling to control them." *Id.* (cleaned up); *see Bertrand v. Garland*, 36 F.4th 627, 631 (5th Cir. 2022); *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). And "[a] finding of a well-founded fear of persecution is negated if the applicant can avoid persecution by relocating to another part of his home country." *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (citation omitted).

Because the petitioner fails to challenge the BIA's determination that he did not establish past persecution, he has abandoned any argument on that point. *See Soadjede*, 324 F.3d at 833.

In denying the petitioner's asylum claim, the BIA determined that he had "not established a well-founded fear of future persecution" for two reasons. First, the BIA decided that he had "not demonstrated [that] he could not reasonably relocate within Nepal to avoid harm." Second, the BIA concluded that he had "not shown that he fears harm at the hands of the government or a group that the government is unable or unwilling to control."

No. 21-60850

On appeal, the petitioner only challenges the BIA's determination that he had not met his burden with respect to relocation. He states that the "one sole issue in this appeal" is "whether the BIA erred, as a matter of law, in affirming the IJ's determination that [he] could safely relocate within his home country." And he erroneously asserts that "[t]he BIA did not state any other grounds for concluding that [the petitioner] did not fear future persecution." In accordance with these statements, the petitioner's brief only discusses relocation and does not address whether the Nepalese government would be unable or unwilling to control his alleged persecutors.

The Government argues that the petitioner waived "any challenge to the [BIA's] unable or unwilling determination," which "is dispositive." We agree that the petitioner forfeited any challenge to this determination.[2] *See United States v. Maes*, 961 F.3d 366, 377 (5th Cir. 2020). And this forfeiture is dispositive of the petitioner's claim, because to establish a well-founded fear of future persecution, he must establish a fear of harm "inflicted either by the government or by private actors whom the government is unable or unwilling to control." *Bertrand*, 36 F.4th at 631 (internal quotation marks and citation omitted); *see Tesfamichael*, 469 F.3d at 113.

---

[2] At most, in his reply, the petitioner points to two sentences in the statement of the case in his opening brief: "The Maoist leader was elected the Prime Minister of Nepal and other Maoists hold powerful positions in the government. Members of the Maoist party as well as Maoist affiliated groups attack and target members of democratic opposition groups, such as the [Nepali Congress Party]." These sentences—which do not appear in the argument section of the brief and do not address *why*, under the relevant legal standard, the harm inflicted on petitioner is "by the government or by private actors whom the government is unable or unwilling to control," *Bertrand*, 36 F.4th at 631 (internal quotation marks and citation omitted)— are not enough to adequately brief and preserve the issue. In any event, based on these two sentences, the petitioner has not met his burden of showing that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion" as to the unable or unwilling determination. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

No. 21-60850

For those reasons, the BIA did not err in dismissing the appeal of the IJ's denial of relief, and the petition for review is DENIED.